IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-75,111-01




EX PARTE RONALD LAMAR SMITH, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 2010-29-C2 IN THE 54TH DISTRICT COURT
FROM McLENNAN COUNTY




           Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of assault and
sentenced to fifteen years’ imprisonment. 
            Applicant contends that trial counsel’s ineffective assistance denied him the right to a direct
appeal. Applicant alleges that, after a bench trial, he advised counsel that he wanted to appeal and
that counsel advised him that he was not an appellate lawyer and that the trial court would see to it
that applicant was appointed appellate counsel. Applicant alleges that appellate counsel was not
appointed until after the appellate deadlines had passed. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). The habeas
record contains no response from the State and no findings from the trial court. In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order counsel to respond to Applicant’s claim of ineffective assistance of counsel on appeal. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.
            It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing,
it shall determine whether Applicant is represented by counsel. If Applicant not represented by
counsel, is indigent, and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The habeas record contains a document suggesting that Applicant waived his right to file an
appeal. The trial court shall make findings of fact as to whether applicant knowingly waived his right
to appeal. If the trial court finds that this waiver was involuntary, the trial court shall make findings
of fact as to whether Applicant was denied his right to a meaningful appeal because Applicant’s
counsel failed to timely file a notice of appeal or otherwise take steps to safeguard Applicant’s right
to a direct appeal. The trial court shall also make any other findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of Applicant’s claim for habeas corpus
relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 
Filed: January 26, 2011
Do not publish